Cowin, J.
The plaintiff, Scott Trant (“Trant”), filed suit against the George Dilboy Post #529, Inc., V.F.W. of U.S. (“Dilboy Post”) after he was injured while attending a party at the Dilboy Post. The Dilboy Post filed a third-party complaint against the City of Som-erville (“Somerville”) for negligence (Count I) and breach of contract (Count II). Somerville moves for summary judgment on the third-party complaint, claiming that there is no genuine issue of material fact. For the reasons which follow, Somerville’s motion is allowed in part and denied in part.
BACKGROUND
The Court treats the following facts drawn from depositions, affidavits, and answers to interrogatories as true for the purposes of this summary judgment motion. On April 27, 1991, plaintiff Trant attended a parly at the Dilboy Post. The gathering was a going-away party for Thomas Walsh, who was entering the U.S. Marine Corps. Many of the party guests were high school students.
Two bartenders employed by the Dilboy Post sold alcoholic drinks throughout the evening. Somerville Police Officer Patrick Irving, a detail officer working at the party that night, instructed the bartenders to check identification before selling alcohol. The purpose of police details at such functions was to keep and restore the peace, and to ensure that the laws of the Commonwealth were being obeyed.
There is conflicting information in the record whether Kathleen Foster, assistant quartermaster at the Dilboy Post, or Scott Whalen, the person who planned the party and rented the Dilboy Post facilities, arranged and paid for the police detail with the Som-erville Police Department detail office.
As the party was ending, a fight erupted near the exit. While Trant was attempting to help officer Irving break up the fight, an unidentified assailant struck Trant from behind with a bottle. Trant suffered extensive injuries.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, and of establishing that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 297, 209 (1989).
Count I: Negligence
In Count I of its third-party complaint against Somerville, the Dilboy Post alleges that any injuries to Trant were a result of the negligence of Somerville, its employees, agents or servants, making Somerville liable under the Massachusetts Tort Claims Act (“MTCA”), G.L.c. 258. The City argues that Officer Irving, while working at the Dilboy Post, was performing a “discretionary function” within the meaning of c. 258, §10(b), which exempts from liability “any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty.” Discretionary acts, within the meaning of § 10(b), are those acts “characterized by the high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning.” Irwin v. Ware, 392 Mass. 745, 753 (1984), quoting from Whitney v. Worcester, 373 Mass. 208, 218 (1977). No reasonable basis exists for arguing that Officer Irving, while performing such duties as instructing the bartenders to check identifi *276 cation, was making public policy or planning decisions. Section 10(b) is therefore inapplicable here.
Somerville asserts that even if § 10(b) does not apply to this case, the new §100) of the MTCA applies to exempt Somerville from liability. Section 100) (and other new sections) have been added to c. 258 by §57 of Chapter 495 of the Acts of 1993. Section 100) provides public employers with an exemption from liability as follows:
§100) any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tor-tious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer. This exclusion shall not apply to:
(1) any claim based upon explicit and specific assurances of safety or assistance, beyond general representations that investigation or assistance will be or has been undertaken, made to the direct victim or a member of his family or household by a public employee, provided that the injury resulted in part from reliance on those assurances. A permit, certificate or report of findings of an investigation or inspection shall not constitute such assurances of safety or assistance; and
(2) any claim based upon the intervention of a public employee which causes injury to the victim or places the victim in a worse position than he was in before the intervention; and
(3) any claim based on negligent maintenance of public property; and
(4) any claim by or on behalf of a patient for negligent medical or other therapeutic treatment received by the patient from a public employee.
Section 144 of c. 495 provides that the amendments in §57 (which adds the new §100)) will “apply to all claims upon which a final judgment has not entered ...” Section 145 provides that the amendments in §57 will take effect upon the Act’s passage. The Act was signed by the governor on January 14, 1994 and thus now applies to all pending cases. The present case was pending at that time. Thus, the new §100) applies to the instant case.
The essence of Dilboy Post’s claim is that the detail officer did not prevent a third party from injuring Trant. This is a claim based upon a failure to act to prevent the harmful consequences of a situation and thus falls within the exemption in §100). However, the Dilboy Post argues that the fact situation of this case falls within the exclusion (to the exemption from liability) in §10(j)(l) for claims “based upon explicit and specific assurances of safety or assistance.” There is no evidence that specific assurances of safety were made by the detail officer either to Trant or to Dilboy Post. Further, to the extent that the Dilboy Post argues that its claim is based on the officer’s failure to prevent service of alcohol to underage or intoxicated patrons, there is no evidence that Trant was injured by a person who was either underage or intoxicated. The facts before the Court establish that the new exemption of §100) applies to defeat Dilboy Post’s negligence count against Somerville.
The Dilboy Post claims that the statutory change of the MTCA embodied in §100) is an unconstitutional deprivation of Dilboy Post’s property rights without due process of law as guaranteed under the Massachusetts and Federal Constitutions. Dilboy Post argues that the new statute operates retroactively to deprive Dilboy Post of a cause of action which was in existence at the time of the statutory change.
The issue of the retroactive application of this statute is presently pending before the Supreme Judicial Court. It was argued on May 3, 1994 in the case of Pallazola v. Wackenhut Corp., SJC 06316, and four companion cases. This Court will not decide that a statute is unconstitutionally retroactive while the Supreme Judicial Court has a case pending on the identical issue. Rather, until the Supreme Judicial Court has resolved the matter, this Court will assume, as courts normally do, that the legislation is constitutional and will apply it. Thus, Somerville is entitled to summary judgment on Count I of Dilboy Post’s third-party complaint. Should the Supreme Judicial Court decide that the statute cannot be applied retroactively, Dilboy Post may move to set aside the judgment on Count I.
For the foregoing reasons, Somerville is entitled to summary judgment on Count I of Dilboy Post’s third-party complaint.
Count II: Breach of Contract
Count II alleges breach of contract against Somer-ville. It is unclear from the evidence presented whether a contract existed between the Dilboy Post and Som-erville. There is conflicting evidence as to who arranged for the detail officer on the night of the party and as to how the detail officer was paid. Summary judgment is inappropriate therefore because there remains a genuine issue of material fact regarding the existence (or lack thereof) of a contract between Som-erville and Dilboy Post. Accordingly, summary judgment is denied as to Count II.
ORDER
For the foregoing reasons, it is hereby ORDERED that Somerville’s motion for summary judgment as to Dilboy Post’s third-party complaint is ALLOWED as to Count I and DENIED as to Count II.